UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 06-CR-20020 |
| ) | |
| **FREDARYL DAVIS,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

Defendant, Fredaryl Davis, pled guilty to a crack cocaine offense in 2007 and now petitions this court to reduce his sentence under 18 U.S.C. § 3582(c)(2). For the reasons that follow, Defendant's Motion for Retroactive Application of the Sentencing Guidelines (#88) is DENIED.

BACKGROUND

Defendant was indicted on February 22, 2007, on one count of conspiracy to distribute and possess five kilograms of cocaine and fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On July 9, 2007, Defendant pled guilty to the charge in the indictment. On March 3, 2008, Defendant was sentenced to 324 months in the Federal Bureau of Prisons. Specifically, Paragraph 37 of the Pre-Sentence Report (#78) stated that Defendant was responsible for 7.83 kg of cocaine and 18.72 kg of crack. On July 10, 2008, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (#88).

This court appointed First Assistant Federal Defender Jonathan E. Hawley as counsel. However, attorney Hawley filed a Motion to Withdraw As Counsel (#92) on July 25, 2008. In that Motion, Hawley argued that Defendant would not be eligible for a sentence reduction under

the new Sentencing Guidelines because Defendant was held responsible for 18.72 kg of crack and that under both the old and new Drug Quantity Table, the Base Level Offense for more than 4.5 kg of crack is 38. Accordingly, Defendant's guideline range and sentence would not change under the amendment. This court granted Hawley's Motion to Withdraw (#92) on August 1, 2008 (#94). This court noted that under the new Sentencing Guidelines, if the amendment does not have the effect of lowering a defendant's applicable guideline range because of the operation of another guideline or statutory provision, then a reduction is not consistent with applicable policy statements. Accordingly, this court concluded:

"The defendant was sentenced by this [c]ourt on March 3, 2008, to 324 months. This court found defendant accountable for 18.72 kilograms of crack cocaine. Under both the previous and amended drug quantity table, the base offense level for more than 4.5 kilograms of crack cocaine is 38. Accordingly, the amendment does not have the effect of lowering defendant's applicable sentencing range."

This court allowed Defendant to pursue the matter pro se and ordered Defendant to file, within 30 days of the order, a pleading that either (1) concedes the amendment does not apply because it does not have the effect of lowering Defendant's applicable sentencing range or (2) explains why in fact the amendment does have the effect of lowering Defendant's sentencing range.

Defendant filed his Response to this court's Order of August 1, 2008 (#98) on August 15, 2008. In his Response, Defendant did not argue against the court's conclusion that, based on the amount of crack he was responsible for his applicable Base Offense Level and sentencing range would remain the same, but rather argued that treating amended Sentencing Guideline §§ 1B1.10 and 2D1.1 as mandatory was a violation of § 3582(c)(2), Booker v. United States, 543 U.S. 220 (2005), and Kimbrough v. United States, 128 S.Ct. 558 (2007).

ANALYSIS

This court re-adopts the ruling made in its earlier order (#94) that Defendant was not entitled to a sentence reduction under the new guideline amendments because his Base Level Offense would be the same under the new amendments as under the old guidelines. Thus, his applicable sentencing range would not change and he is not entitled to a sentence reduction. This court then asked Defendant to explain why, even though he would have the same Base Level Offense number, the amendment does have the effect of lowering his sentencing range. In his Response (#98) Defendant could not provide this court with an answer. Instead, Defendant attacked the Sentencing Commission for treating the amended Sentencing Guidelines in §§ 1.B1.10 and 2D1.1 as mandatory. Defendant's arguments have no merit. Defendant was found responsible for such a large amount of crack that even under the new guidelines, he is not entitled to a sentence reduction. Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (#88) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Reduce Sentence (#88) is DENIED.

(2) Defendant has 10 days from the date of this court's order to file a Notice of Appeal with the clerk of this court.

ENTERED this 7th day of October, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE