IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-20020-002 |
| ) | |
| FREDARYL DAVIS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Fredaryl Davis' Amended Motion for Compassionate Release (d/e 308) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On July 9, 2007, Defendant Fredaryl Davis pled guilty to Count 1 for conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On March 3, 2008, Defendant was sentenced to 324 months of imprisonment and a term of 10 years of supervised release. On March 5, 2020, Defendant's sentence was

reduced to 240 months of imprisonment. Defendant is currently serving his sentence at FCI Forrest City Low and has a projected release date of January 16, 2022.

On April 27, 2020, Defendant filed a pro se motion for compassionate release (d/e 304) pursuant to 18 U.S.C. § 3582(c)(1)(A). On May 1, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed. See d/e 308. Defendant is a 44-year-old African American male with type 2 diabetes, hypertension, and hyperlipidemia. See d/e 304, 308. Defendant has been prescribed medication to control these medical conditions. See d/e 312. Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic. See d/e 308. Defendant argues that the Court should waive the prerequisites for defendant filing such a motion, which are found in 18 U.S.C. § 3582(c)(1)(A). See d/e 308.

On May 5, 2020, the Government filed a response opposing Defendant's motion. See d/e 312. The Government argues that the Court lacks the authority to grant Defendant's motion because Defendant has not exhausted his administrative rights with the

Bureau of Prisons (BOP) or waited 30 days from the time a request to BOP regarding a motion for compassionate release was made. See d/e 312. The Government also argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction. See d/e 312.

On May 7, 2020, the Court held a video conference hearing on Defendant's motion, at which the Court heard testimony from Ebony Smith, Defendant's fiancé, a statement made by Defendant Davis, and oral arguments. At the hearing, Defendant notified the Court that BOP staff told Defendant that he had testified positive for COVID-19. The Court continued the hearing to May 11, 2020 and ordered BOP to administer a new COVID-19 test to Defendant. On May 11, 2020, the Court held another hearing on this matter, at which the Court was informed that Defendant tested positive for COVID-19 on the newly administered test.

## II. ANALYSIS

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented

extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Socially distancing can be difficult for individuals living or working in a prison.

However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease.  While the Court is sympathetic to Defendant's medical conditions, Defendant's arguments are moot.  Defendant has contracted COVID-19, he is receiving healthcare in the facility, and Defendant has reported asymptomatic even though he says he lost his sense of smell and taste.   Additionally, the Court finds that releasing Mr. Davis into the community while he has COVID-19 is a danger to the safety of the community.

The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Davis' amended motion for compassionate release (d/e 308) and Defendant's pro se motion for compassionate release (d/e 304) are DENIED. This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change. The Clerk is DIRECTED to send a copy of this Opinion to FCI Forrest City Low.

ENTER: May 11, 2020.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
